**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| GRILLE 54, LLC, <br> *a Florida Limited Liability Company* <br><br> Plaintiff, <br><br> vs. <br><br> GRILLE 54 – SHELDON, LLC, <br> *a Florida Limited Liability Company,* <br> and <br> JAMES DALLAS OWENS, a/k/a <br> DALLAS OWENS, <br> *a resident of the state of Florida* <br><br> Defendants. | Civil Action No. <br><br> Injunctive Relief Requested |

**COMPLAINT AND REQUEST FOR PERMANENT INJUNCTIVE RELIEF**
**(Jury Trial Demanded)**

Plaintiff Grille 54, LLC ("Grille 54") sues Defendants Grille 54 – Sheldon, LLC ("Sheldon") and James Dallas Owens a/k/ Dallas Owens ("Owens").

NATURE OF THE ACTION

1. This action is brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. § 1051, *et seq.*, for trademark infringement, false designation of origin, and unfair competition. Plaintiff also brings state law claims for trademark infringement, unfair and deceptive trade practices, and false advertising.

## JURISDICTION AND VENUE

2. Defendants have committed acts of trademark infringement, unfair competition, and false advertising in this judicial district.

3. Personal jurisdiction over Defendants is vested in this court by virtue of Defendants' general presence within Florida.

4. Jurisdiction is based on 28 U.S.C.§ 1331, § 1338(b), and § 1367(a). Plaintiff's claims under 15 U.S.C. §§ 1114 & 1125, and pendant and related state law claims, all arise from Defendants' wrongful and unlawful use of Plaintiff's trademarks.

5. Venue over this cause is proper pursuant to 28 U.S.C. § 1391 in that Defendants may be found in this district, Plaintiff's claim arises within this district, Plaintiff is headquartered in this district, and Defendants have committed tortious actions in this district.

## THE PARTIES

6. Plaintiff Grille 54, LLC is a Florida limited liability corporation with its principle place of business located in this district.

7. Defendant Grille 54 – Sheldon, LLC is a Florida limited liability corporation with its principle a place of business located in this district.

8. Defendant James Dallas Owens is a natural person residing within this district.

9. Plaintiff is the founder and owner of Grille 54™, a specialty restaurant and bar located in Trinity, Florida.

GENERAL ALLEGATIONS

A. **Plaintiff's Grille 54 Marks**

10.   In August 2008, Plaintiff opened Grille 54™ at its current location in Trinity/New Port Richey, Florida, to excellent reviews. Since that time, Grille 54™ has come to be known throughout the region as a restaurant and bar providing high quality food and drink services.

11.   Since its inception, Grille 54 has endeavored to build the Grille 54™ brand and concept to symbolize Grille 54 as the source of highest quality restaurant services. Grille 54™ includes on its menu both sushi and Italian food, in order to serve a broad base of customers.

12.   Grille 54™ is the exclusive owner of all rights, title, and interest in the service mark assigned registration number 3,888,371 by the United States Patent and Trademark Office ("the Registered Logo"):

*Grille*
*food·spirits·sushi·rawbar*
**54**

Grille 54™ first used the Registered Logo in commerce at least as early as August, 2008, and the Registered Logo is registered in International Class 43 for Restaurant and Catering Services. A copy of the registration certificate is attached hereto as Exhibit A.

13.   The Registered Logo is featured prominently on the signage for Grille 54™, on its website located at www.Grille54.com, and on related marketing materials.

14. The Registered Logo is also registered with the Florida Department of State in Class 43 for Restaurant and Catering Services ("the State Registration"). The State Registration is assigned registration number T15000000361.

15. Plaintiff has also endeavored to create a strong association with the word mark Grille 54™ and its goods and services ("the Word Mark"). Because of its longstanding use of the mark Grille 54™ in association with its dining services, the service mark Grille 54™ has come to be associated with Plaintiff Grille 54 as the source of such services. Collectively, the Registered Logo, the State Registration, and the Word Mark comprise the "Grille 54 Marks".

### B. Defendants' Infringing Activities

16. Defendant Sheldon was formed at a location in the Citrus Park area of Tampa in 2010, by Greg Anastasas and Defendant Dallas Owens, two of the original owners of Queens Capital Fund, Inc., which serves as Manager and majority owner of Plaintiff Grille 54. Soon after, the parties opened the Sheldon restaurant under the Grille 54™ concept and brand with the permission of Plaintiff Grille 54™.

17. Plaintiff terminated Sheldon's license to use the Grille 54™ and Registered Logo trademarks, effective immediately, by letter dated March 30, 2015. Despite the termination of this license, Defendant G54 has refused to de-identify the property and remove all references to the Grille 54 Marks.

18. Defendant Dallas Owens is the driving force behind Defendant Sheldon's continued use of the Grille 54 Marks. Owens actively and knowingly causes, participates in, and is the moving force of Defendant Sheldon's infringement.

## COUNT I
### Infringement of a Registered Trademark Under Lanham Act Section 32(a)
### (15 U.S.C. 1114(1)(a))
### Injunctive Relief and Damages

19. Plaintiff incorporates by reference paragraphs 1-18 as if fully incorporated herein.

20. Defendants' use of Plaintiff's Registered Mark, or any colorable imitation thereof, constitutes trademark infringement.

21. Defendants knowingly and willingly continue to use the Registered Mark despite their knowledge of Plaintiff's prior rights thereto.

22. Defendants' use of the Registered Mark has caused and is likely to cause confusion in the marketplace.

23. Plaintiff has been damaged and will continue to be damaged by Defendants' unauthorized use of Plaintiff's Registered Logo. The injury includes both monetary injury and irreparable loss to Plaintiff's goodwill.

24. Defendants' infringement and commercial use of Plaintiff's Registered Logo is ongoing and will continue unless enjoined by this Court.

25. There is no adequate remedy at law, and unless Defendant is enjoined from any further unauthorized use of Plaintiff's Registered Logo, such use is likely to cause confusion, or mistake, or to deceive the public into believing that Plaintiff is the source of Defendants' services, which will cause Plaintiff irreparable harm.

26. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined by trial.

WHEREFORE, Plaintiff requests judgement of infringement in its favor, a permanent injunction forbidding Defendants from using the Registered Logo in commerce, an award of damages, an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1115, and any other relief the Court deems appropriate.

## COUNT II
### Trademark Infringement Under § 43(a) of the Lanham Act
### 15 U.S.C. § 1125(a)
### Injunctive Relief and Damages

27. Plaintiff incorporates by reference paragraphs 1-18 as if fully incorporated herein.

28. Defendants have violated, and will continue to violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using in interstate commerce, without the consent of Plaintiff, Plaintiff's Grille 54 Marks in connection with Defendants' trade names, domain names, online public listings and advertisements.

29. Defendants' infringement and commercial use of Plaintiff's Grille 54 Marks creates a likelihood of confusion among consumers, is ongoing and continuing and will continue unless enjoined by this court.

30. By virtue of these acts by Defendants, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendants are permanently enjoined by this Court from using Plaintiff's Grille 54 Marks or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiffs Grille 54 Marks.

31. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests judgement of infringement in its favor, a permanent injunction forbidding Defendants from using the Grille 54 Marks or any colorable imitation thereof in commerce, an award of damages, an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1115, and any other relief the Court deems appropriate.

## COUNT III
### Misrepresentation, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)
### (Injunctive Relief and Damages)

32. Plaintiff incorporates by reference paragraphs 1-18 as if fully incorporated herein.

33. As a result of Plaintiffs long-standing use of its Grille 54 Marks throughout both Florida and the United States, Plaintiff's Grille 54 Marks have achieved substantial goodwill, recognition and reputation in the restaurant industry.

34. By willfully continuing to use Plaintiff's Grille 54 Marks, Defendants have held Sheldon out to the world as the rightful owner of Plaintiff's Grille 54 Mark. In so doing, Defendants have knowingly made a false or misleading description or representation of fact in commerce.

35. Defendants have also made material false statements of fact concerning Defendants' reference to Sheldon as Grille 54 since it Sheldon operates in a field where a reference to "Grille 54" refers to the Plaintiff.

36. Defendants' false statements have actually deceived third parties or have a tendency to deceive a substantial portion of the marketplace.

37. Defendants' deception is material because it causes, or tends to cause, the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiff.

38. Plaintiff is, and will continue to be, damaged by Defendants' unauthorized use, which injury consists of, without limitation, monetary loss, irreparable injury and erosion of the distinctiveness and goodwill that adheres in Plaintiff's Grille 54 Marks.

39. These false representations misrepresent the nature, characteristics, and/or qualities of Plaintiff's services or commercial activities by implying to the marketplace that Defendant Sheldon and Plaintiff are one and the same.

40. Defendants' false and misleading descriptions and misleading representations of fact have resulted in a likelihood of confusion in commerce, whereby numerous ordinary prudent consumers of Plaintiff's goods have been, and are likely to be, misled into believing that Defendant Sheldon and Plaintiff are the same organization.

41. Defendants' unauthorized use of Plaintiff's Grille 54 Marks constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant Sheldon to Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendants' use of Plaintiff's Grille 54 Marks. These acts by the Defendant constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant knowingly and willfully used and continues to use, Plaintiff's Grille 54 Marks, despite its knowledge of Plaintiff's prior and superior trademark rights to Plaintiff's Grille 54 Marks.

43. Defendant has solicited business using Plaintiff's Grille 54 Marks thereby taking unauthorized advantage of the goodwill of Plaintiff's Grille 54 Marks.

44. These acts by the Defendants constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. 1125(a).

45. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendants' actions, unless Defendants are enjoined from engaging in misrepresentation.

46. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests judgement of infringement in its favor, a permanent injunction forbidding Defendants from using the Registered Logo in commerce, an award of damages, an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1115, and any other relief the Court deems appropriate.

### COUNT IV
**(Infringement of Registered Trademark, §495.131 Fla. Stat.)**

47. Plaintiff incorporates by reference paragraphs 1-18 as if fully incorporated herein.

48. Defendants have used Plaintiff's State Registration or a reproduction or a colorable imitation thereof in connection with the sale, offering for sale, distribution and

advertising of services in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

49. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendants' actions, unless Defendants are enjoined from engaging in infringement.

50. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests judgement of infringement in its favor, a permanent injunction forbidding Defendants from using the State Registration in commerce, an award of damages, an award of attorneys' fees and costs pursuant to § 495.141, Fla. Stat., and any other relief the Court deems appropriate.

## COUNT V
### (Infringement of Common Law Trademarks)

51. Plaintiff incorporates by reference the allegations in paragraphs 1-18 herein.

52. Plaintiff first adopted and used the Grille 54 Marks in Florida for use in restaurant and catering services as a means of establishing good will and reputation and to describe, identify and denominate its particular services and to distinguish itself from similar services rendered by others.

53. Through Plaintiff's association of the Grille 54 Marks with its services, the Grille 54 Marks have acquired a special significance as the name of the services rendered by the Plaintiff in its trade area because its Grille 54 Marks are distinctive.

54. The Defendants are using identical or confusingly similar trademarks to indicate or identify similar services rendered in the same trade area in which the Plaintiff has already established its trade name.

55. The Defendants' use of such trade name and service marks is without Plaintiff's permission.

56. As a consequence of Defendants' action, customer confusion of source or as to sponsorship of the services is likely.

57. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendants' actions, unless Defendants are enjoined from engaging in infringement.

58. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests judgement of infringement in its favor, an award of damages, a permanent injunction forbidding Defendants from using the Grille 54 Marks in commerce, and any other relief the Court deems appropriate.

### COUNT VI
### (False Advertising)

59. Plaintiff incorporates by reference Paragraphs 1-18 above.

60. Through its actions described above, Defendants made or disseminated, or caused to be made or disseminated, to the general public of Florida or a portion thereof advertising which identifies itself as selling products under the Grille 54 Mark.

61. Those advertisements were misleading in that Defendant knowingly and intentionally falsely suggested that its products operate under the Grille 54 Marks.

62. The above misrepresentations were material, as they deceived consumers about the nature and quality of Defendants' product and service, and induced consumers to patronize Defendants' business instead of purchasing Plaintiff's services, or they are substantially likely to do so.

63. Defendant knew or should have known that its advertisements were misleading, and that the representations in the advertisements were false.

64. Defendant intended that the false representations would induce consumers to act on them.

65. By virtue of these acts by the Defendants, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless the Defendants are preliminarily and permanently enjoined by this Court from using Plaintiff's Grille 54 Marks or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiffs Grille 54 Marks.

66. For those acts committed prior to the issuance of an injunction, Plaintiff requests restitution of Defendants' profits in an amount to be shown at any trial of this action.

67. Plaintiff is further entitled to compensatory damages based on Plaintiff's loss of profits and damage to its goodwill and business reputation that have been caused by Defendants' unfair and competitive acts.

68. As a direct and foreseeable result of Defendants' conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests judgement in its favor, an award of damages, a permanent injunction forbidding Defendants from advertising the Grille 54 Marks in commerce, and any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury for all issues so triable.

Date: April 23, 2015

Respectfully submitted,

/s/ Dineen Pashoukos Wasylik

Dineen Pashoukos Wasylik
Florida Bar No. 0191620
**DPW LEGAL**
PO Box 48323
Tampa, FL 33646
Tel: 813-778-5161
Fax: 813-971-0180
dineen@ip-appeals.com
*Co-Counsel for Plaintiff Grille 54, LLC*


M. Vincent Pazienza
Florida Bar No. 096479
**PAZLAW**
23110 State Road 54, #277
Lutz, Florida 33549-6933
Tel: 813-949-9595
Fax: 813-949-8686
Vincent@PazLaw.com
*Co-Counsel for Plaintiff Grille 54, LLC*