UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRILLE 54, LLC, a
Florida Limited Liability
Company

    Plaintiff,

v.                                Case No. 8:15-cv-966-T-33AEP

GRILLE 54 – SHELDON, LLC,
a Florida Limited Liability
Company, and JAMES DALLAS
OWENS,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Grille 54 – Sheldon, LLC and James Dallas Owens' Motion to Vacate Default (Doc. # 12), filed on June 9, 2015. Plaintiff Grille 54, LLC filed a response in opposition to Defendants' Motion on June 18, 2015. For the reasons stated below, this Court grants Defendants' Motion.

**I.   Background**

On April 23, 2015, Plaintiff initiated this trademark action. (Doc. # 1). Plaintiff executed service on both Defendants on May 11, 2015. (Doc. ## 5-6). Defendants failed to timely file a response to Plaintiff's Complaint, and as a

result, Plaintiff applied to the Clerk of the Court for entry of default against both Defendants. (Doc. # 7).

On June 3, 2015, the Clerk entered default against both Defendants. (Doc. ## 8-9). The next day, a Notice of Appearance was filed on behalf of Defendants. (Doc. # 10). Thereafter, on June 9, 2015, Defendants filed the present Motion. (Doc. # 12). On June 18, 2015, Plaintiff filed a response in opposition to Defendants' Motion (Doc. # 14), as well as a Motion for Default Judgment against both Defendants (Doc. # 15).

## II. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure provides that "The Court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The Eleventh Circuit has explained that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

In determining whether good cause is shown for setting aside a Clerk's entry of default, courts generally evaluate the following factors: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents

a meritorious defense. <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996).

However, these factors are not exclusive, and courts have examined other factors including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." <u>Id.</u> Nonetheless, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." <u>Id.</u> at 951–52.

Upon review of the Motion, the Court finds that Defendants have established good cause for this Court to set aside the Clerk's entry of default entered against them.

**III. Discussion**

    **A.**   **Culpable or Willful**

Defendants contend that their failure to timely respond to Plaintiff's Complaint was neither culpable nor willful. (Doc. # 12 at 4). According to Defendants, counsel for both Plaintiff and Defendants had ongoing conversations regarding either an extension of time to respond to the Complaint or a stay of this litigation so that the parties could continue to

negotiate a potential sale of the restaurants in question. (Id.; Doc. # 12-1; Doc. # 12-2). To that end, Defendants submit that Plaintiff's counsel "knew [Defendants] were represented by [Defense counsel] and should have conferred with [Defense counsel] prior to moving for default." (Doc. # 12 at 4).

Furthermore, Defendants' counsel asserts that throughout the interactions amongst counsel, he was under the mistaken impression that the Complaint was not served on Defendants until May 21, 2015 – not May 11, 2015. (Id. at 5). Therefore, Defendants contend that "while aware of the existence of the lawsuit, the precise deadline for a response was not known until the docket was checked by [Defendants' counsel] on June 3, 2015, after the entry of clerk's default." (Id.).

In its response, Plaintiff argues, amongst other things, that Defendants "do not and cannot challenge service of process," and according to Defendants' counsel's affidavit, he was aware of this action prior to service and upon service "in mid to late May of 2015." (Doc. # 14 at 4). Thus, Plaintiff provides that this "information is sufficient to apprise the Defendants of their duty to respond to the Complaint in a timely manner." (Id.). In addition, Plaintiff alleges that Defendants' counsel never indicated that he needed additional

4

time to engage litigation counsel in this matter, and the parties never "expressly discussed any specific extension of time in this [a]ction." (Id. at 5-6).

Upon consideration of the parties' various arguments, this Court is not persuaded by Plaintiff's assertion that Defendants' Motion should be denied as "Defendants have not demonstrated good cause and have instead misrepresented the facts of default to this Court." (Id. at 4). While Defendants' counsel was admittedly mistaken about the date of service of the Complaint, Defendants' attempt to communicate with Plaintiff and their promptness in addressing the Clerk's entry of default supports finding the default not culpable or willful.

**B.   Prejudice**

Defendants contend that setting aside the default would not result in prejudice to Plaintiff. (Doc. # 12 at 8). To that end, Defendants provide that although setting aside the default results in "additional delay and expense," such delay and expense "would not be sufficient to defeat the presumption that cases be tried upon their merits." (Id.). Instead, according to Defendants, Plaintiff needs to show that the delay "would result in a loss of evidence, increased opportunities of fraud, and discovery difficulties." (Id. at

5

8-9)(citing Suntrust Bank v. Armsey, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010)).

In response, Plaintiff argues that setting aside the default would result in prejudice as (1) Defendants have not presented a meritorious defense and (2) Defendants' continued use of the relevant marks "despite the termination of their lease to do so will cause prejudice to Plaintiff . . . because of the continued harm caused by Defendants' use of the mark on inferior quality goods." (Doc. # 14 at 10).

Upon consideration, this Court finds that Plaintiff will not suffer undue prejudice if the Clerk's entry of default is set aside. Plaintiff merely secured a Clerk's default, as opposed to a final default judgment, and the passage of time between the entry of Clerk's default and Defendants' Motion, six days, does not warrant the drastic penalty of forever depriving Defendants of their ability to defend against this action. See Rodriguez v. Brim's Food, Inc., No. 13-cv-20600, 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013)(finding that a "short time span" of eleven days did not "constitute a period of length that would result in prejudicial proceedings.").

**C.    Meritorious Defense**

Defendants present several defenses with respect to the claims at issue in this action. (Doc. # 12 at 6). Regarding the trademark claims, Defendants assert that "those claims are barred by the doctrines of laches and estoppel," and argue that applicable statutes of limitations may likewise bar Plaintiff's claims. (Id.). In addition, Defendants "plan to assert the defense of acquiescence to Plaintiff's trademark claims." (Id. at 7). Furthermore, Defendants submit that they "may also raise a number of factual disputes in defense of the claims against them." (Id.).

Plaintiff alleges that Defendants' legal defenses are not stated with sufficient specificity and are inapplicable to the present case. (Doc. # 14 at 8). Plaintiff also argues that Defendants make "bald denial[s] of the allegations of the Complaint, unsupported by any factual allegation." (Id. at 9)(citing S.E.C. v. Simmons, 241 F. App'x 660, 664 (11th Cir. 2007)). Thus, according to Plaintiff, Defendants do not demonstrate a meritorious defense. (See Id. at 8).

"To establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." Id. at 664. A general denial of the plaintiff's claims contained in an answer or another pleading is insufficient. Id.; see Solaroll Shade & Shutter Corp.,

7

Inc. v. Bio-Energy Sys., Inc.*,* 803 F.2d 1130, 1133 (11th Cir. 1986). However, "[l]ikelihood of success is not the measure." Suntrust Bank, 2010 WL 731802, at *2 (quoting Keegel v. Key West & Caribbean Trading Co.*,* 627 F.2d 372, 374 (D.C. Cir. 1980)). "Instead, the movant need only provide 'a hint of a suggestion' that her case has merit." (Id.)(quoting Moldwood Corp. v. Stutts*,* 410 F.2d 351, 352 (5th Cir. 1969)).

Here, Defendants have done more than generally allege that they have meritorious defenses. Rather, Defendants have explained Plaintiff's allegations and the elements of Plaintiff's asserted claims, and stated specific facts, which they believe make their contentions more meritorious than Plaintiff's claims. See Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008)(finding that defendant provided a "clear and specific statement showing, not by conclusion, but by definite recitation of facts" that it had a colorable defense.).

At this time, the Court declines to determine whether Defendants' asserted defenses have merit. Instead, the Court's review at this juncture is limited to an inquiry of whether Defendants' allegations are entirely devoid of merit.

Upon consideration, the Court concludes that Defendants have colorable arguments to satisfy this factor.

### D. Prompt Response

Courts can consider any relevant factor besides the three enumerated above in an effort to determine whether the circumstances warrant the finding of good cause to set aside the Clerk's entry of default. See Compania, 88 F.3d at 951-52. The Clerk of the Court entered default against both Defendants on June 3, 2015. (Doc. ## 8-9). Defendants filed the present Motion on June 9, 2015. (Doc. # 12). Given the quick turnaround of events, as outlined above, this Court finds that Defendants responded promptly after the entry of Clerk's default against them. Defendants should not be deprived of their ability to defend against this action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Vacate Clerk's Default (Doc. # 12) is **GRANTED.**

(2) The Clerk is directed to set aside the Clerk's Entry of Default (Doc. ## 8-9).

(3) Defendants shall file their response to Plaintiff's Complaint by **June 30, 2015.**

9

(4) Plaintiff's Motion for Entry of Default Judgment (Doc. # 15) is **DENIED AS MOOT**.

(5) Defendants' Motion for Leave to File a Reply to Plaintiff's Opposition to Motion to Set Aside Default (Doc. # 16) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd of June, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record